**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| ADAM BAKER, ELSA EMBAYE, BRIAND FELDMAN, RITA GRIT, CAROL MORGAN, JOSIAH NOBLE, PAULA REESE, JESSICA TORREZ, and MISTY WILLIAMS, Individually and on Behalf of All Others Similarly Situated, | **CIVIL ACTION NO: 22-CV-00030 (TWT)** |
| Plaintiffs, | JURY TRIAL DEMANDED |
| vs. | |
| PREMIERE GLOBAL SERVICES, INC., PREMIERE CONFERENCING NETWORKS, INC., ECOVATE, INC., AMERICAN TELECONFERENCING SERVICES, LTD., MICHAEL J. NELSON, and ALICIA HAYES, | |
| Defendants. | |
| _____/ | |

**<u>AMENDED CLASS ACTION COMPLAINT</u>**

COMES NOW Plaintiffs ADAM BAKER, ELSA EMBAYE, BRIAN FELDMAN, RITA GRIT, CAROL MORGAN, JOSIAH NOBLE, PAULA REESE, JESSICA TORREZ, and MISTY WILLIAMS, individually and on behalf of a class of others similarly situated (the "Putative Class"), by and through their undersigned counsel, and bring this Amended Class Action Complaint against Defendants, PREMIERE GLOBAL SERVICES, INC., PREMIERE CONFERENCING

1

NETWORKS, INC., ECOVATE, INC., AMERICAN TELECONFERENCING SERVICES, LTD. (corporate entities collectively referred to as, "PGi"), MICHAEL J. NELSON, and ALICIA HAYES (collectively, referred to as the "Individual Defendants"), and alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs and the Putative Class are former PGi employees who were participants of the Premiere Global Services U.S. Affiliates Severance Pay Plan Amended and Restated Effective January 1, 2018 (the "Plan"), and who were terminated for a "Severance-Qualifying Event" before September 17, 2021 and did not receive severance pursuant the Plan.

2. Plaintiffs and the Putative Class are also former PGi employees who were promised their accrued, unused vacation time and were not paid these amounts following their termination.

3. Plaintiffs bring this action on behalf of themselves and the Putative Class to recover their unpaid severance pursuant to the Employee Retirement Income Security Act ("ERISA)" and their unused vacation time pursuant to Georgia common law.

## JURISDICTION AND VENUE

4.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this action involves federal questions regarding the deprivation of Plaintiffs rights under ERISA.  The Court has supplemental jurisdiction over Plaintiffs related claims arising under state law pursuant to 28 U.S.C. § 1367(a).

5.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including employment practices alleged herein, occurred in this district.

## PARTIES

6.  Plaintiffs ADAM BAKER, ELSA EMBAYE, BRIAN FELDMAN, RITA GRIT, CAROL MORGAN, JOSIAH NOBLE, PAULA REESE, JESSICA TORREZ, and MISTY WILLIAMS are former employees of PGi who were terminated effective August 20, 2021 or September 3, 2021.

7.  Defendant PREMIERE GLOBAL SERVICES, INC. is a Georgia corporation with its principal place of business in Alpharetta, Georgia.

8.  Defendant PREMIERE CONFERENCING NETWORKS, INC. is a Georgia corporation with its principal place of business in Alpharetta, Georgia.

9.  Defendant ECOVATE, INC. is a Delaware corporation with its principal place of business in Alpharetta, Georgia.

3

10. Defendant AMERICAN TELECONFERENCING SERVICES, LTD. is a Missouri corporation with its principal place of business in Alpharetta, Georgia.

11. The corporate Defendants ("PGi") are consolidated and are "a multinational corporation and global provider of conferencing and collaboration solutions. Its products include audio conferencing, web conferencing, webcasting, videoconferencing and virtual meeting solutions such as iMeet and GlobalMeet. PGi provides global SaaS and cloud computing solutions to small, medium and enterprise businesses." *See* About PGi: Vision & Mission, Management Team & More | PGi

12. Defendant MICHAEL J. NELSON, at all relevant times, was the Executive Vice President – Legal and General Counsel of PGi and a fiduciary of the Plan.

13. Defendant ALICIA HAYES, at all relevant times, was the Chief Human Resources Officer of PGi and a fiduciary of the Plan.

## STATEMENT OF FACTS

### A. Severance

14. In June 2021, Defendants provided Plaintiff and Putative Class with notice that their positions would be permanently eliminated on or around August 20, 2021 or September 3, 2021.

15. As a result of the involuntary layoff, Plaintiffs and the Putative Class were entitled, pursuant to the Plan, to severance equal to a full week's salary for every year they worked.

16. Plaintiffs and the Putative Class meet all the eligibility requirements under the Plan and their termination occurred prior to any amendment or termination of the Plan.

17. PGi and the Individual Defendants unlawfully failed to follow the Plan and pay Plaintiffs any severance.

18. The Individual Defendants further breached their fiduciary duties to Plaintiffs and Putative Class by not acting solely in the interests of Plaintiff and the Putative Class, as participants of the Plan, by, *inter alia*, refusing to follow the Plan documents that required severance payments to Plaintiffs and the Putative Class, failing to advise Plaintiffs and the Putative Class of their rights under the Plan and ERISA, intentionally misleading Plaintiffs and the Putative Class on their rights under the Plan and ERISA.

### B. Exhaustion of Administrative Remedies

19. On November 8, 2021, Plaintiffs through counsel sent a written communication to the Individual Defendants (Plan administrators and fiduciaries) regarding PGi's failure to pay severance to them and the Putative Class.

20. The November 8, 2021 communication constituted a claim for severance benefits that was submitted within 90 days.

21. Neither the Individual Defendants nor PGi responded to the November 8, 2021 communication within 90 days.

22. Accordingly, Plaintiffs and the Putative Class have exhausted their administrative remedies.

23. In the alternative, exhaustion is futile because Plaintiffs and the Putative Class were not notified of the Plan's appeal procedures when they were informed that the severance would not be paid, they did not have a copy of the Plan, and were intentionally mislead on where to challenge the denial of severance.

24. Further, exhaustion is futile because PGi terminated the Plan after Plaintiffs and the Putative Class were terminated.

### C. Unpaid Vacation Time

25.    In June 2020, Defendants promised to pay Plaintiff and the Putative Class their "vacation time allotted but unused as of the Termination Date."

26.    Upon information and belief, PGi had a policy and practice of paying laid off employees for unused vacation time upon termination.

27.    Plaintiffs and the Putative Class impliedly accepted the promise of payment for unused vacation time by not using all their vacation time and remaining employed through their Termination Date.

28.    As a result, Defendants were contractually required to pay Plaintiffs and the Putative Class their unused vacation time upon termination.  *See Shannon v. Huntley's Jiffy Stores, Inc.*, 329 SE 2d 208 (G.A. Ct. App. 1985) ("It is the accepted law of this state that an additional compensation plan offered by an employer and impliedly accepted by an employee, by remaining in employment, constitutes a contract between them . . . [Cits.]") (quoting *Fletcher v. Amax, Inc.*, 160 Ga. App. 692, 695 (288 SE2d 49) (1981)).

29.    Except for employees located in Colorado, Defendants failed to pay Plaintiff and the Putative Class their promised unused vacation time.

30.    In the event a binding contract was not created, Plaintiffs and the Putative Class (excluding those located in Colorado) detrimentally relied on the

7

promise of unpaid vacation by not using some or all of their unused vacation time prior to their termination.

## CLASS ALLEGATIONS

31. Plaintiffs sue on their behalf and on behalf of a class of persons under Rule 23 of the Federal Rules of Civil Procedure.

32. Plaintiffs bring their claims on behalf of all persons who were employed by Defendants and terminated as part of layoffs with effective termination dates of August 20, 2021 or September 3, 2021 (the "Putative Class").

33. The persons in the Class identified above are so numerous that joinder of all members is impracticable.

34. Upon information and belief, over 80 employees fall within the Putative Class.

35. The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods of fair and efficient adjudication of the controversy.

36. The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

37. Specifically, Defendants unlawfully failed to pay Plaintiffs and the Putative Class severance pursuant to the Plan and breached their fiduciary duties in violation of ERISA.

38. Defendants also failed to pay Plaintiffs and the Putative Class their unused and accrued paid time off in breach of contract.

39. Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in employment law and class action litigation.

40. Plaintiffs have the same interests in this matter as all other members of the Putative Class and Plaintiffs' claims are typical of the Putative Class.

41. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to: (1) whether Plaintiffs and the Putative Class are owed severance pursuant to the Plan; and (2) whether Plaintiffs and the Putative Class (excluding those located in Colorado) are owed unused vacation time.

9

**FIRST CAUSE OF ACTION**
**(ERISA Unpaid Benefits, 29 U.S.C. § 1132(a)(1)(B))**
*Against PGi*

42. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 14-24 and 31-41 above.

43. Plaintiffs and the Putative Class were participants of the Plan and met the eligibility requirements of the Plan.

44. PGi refused to play Plaintiffs and the Putative Class the severance promised under the Plan.

45. As a direct result of PGi's unlawful conduct, Plaintiff and the Putative Class have been damaged in an amount equal to the severance payments they were entitled under the Plan.

**SECOND CAUSE OF ACTION**
**(ERISA Breach of Fiduciary Duty, 29 U.S.C. § 1132(a)(3))**
*Against Individual Defendants*

46. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 14-24 and 31-41 above.

47. Plaintiffs and the Putative Class were participants of the Plan and met the eligibility requirement of the Plan.

48. The Individual Defendants were fiduciaries of the Plan and were required to act solely in the interest of Plaintiffs and the Putative Class as Plan participants.

10

49. The Individual Defendants breached their fiduciary duties to Plaintiffs and the Putative Class by, *inter alia*, refusing to follow the Plan documents that required severance payments to Plaintiffs and the Putative Class, failing to advise Plaintiffs and the Putative Class of their rights under the Plan and ERISA, intentionally misleading Plaintiffs and the Putative Class on their rights under the Plan and ERISA.

50. As a direct result of the Individual Defendants' unlawful conduct, Plaintiff and the Putative Class have been damaged in an amount equal to the severance payments they were entitled under the Plan.

## <u>THIRD CAUSE OF ACTION</u>
**(Breach of Contract or Detrimental Reliance for Unpaid Vacation Time)**
*Against PGi*

51. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 25-41 above.

52. Defendants promised to pay Plaintiff and the Putative Class their "vacation time allotted but unused as of the Termination Date."

53. Upon information and belief, PGi had a policy and practice of paying laid off employees for unused vacation time upon termination.

54. Plaintiffs and the Putative Class impliedly accepted the promise of unused vacation time by not using all their vacation time and remaining employed through their Termination Date.

11

55.  As a result, Defendants were contractually required to pay Plaintiffs and the Putative Class their unused vacation time upon termination.

56.  Except for employees located in Colorado, Defendants failed to pay Plaintiff and the Putative Class their promised unused vacation time.

57.  In the event a binding contract was not created, Plaintiffs and the Putative Class (excluding those located in Colorado) detrimentally relied on the promise of unpaid vacation by not using some or all of their unused vacation time prior to their termination.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and the Putative Class, prays for relief as follows:

A.  Certification of this action as a class action pursuant to Rule 23 and appointment of Plaintiffs and their Counsel to represent the Putative Class;

B.  A declaratory judgment that the actions, conduct and practices of Defendants complained of herein violate the laws of the United States and State of Georgia;

C.  An award of damages against Defendants, or any jointly or severally liable entity or person, in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or

economic damages, including, but not limited to, loss of severance and unused paid time off;

D. Prejudgment interest on all amounts due;

E. An award of Plaintiff's reasonable attorneys' fees and costs; and,

F. Such other and further relief as the Court may deem just and proper.

Respectfully submitted this 16th day of February 2022.

/s/Jeremy Stephens
JEREMY STEPHENS, ESQ.
GA Bar No.: 702063
191 Peachtree Street, N.E., Ste. 4200
Atlanta, Georgia 30343-1007
Tel: (404) 965-1682
E-mail: jstephens@forthepeople.com
Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

ADAM BAKER, ELSA EMBAYE,
BRIAND FELDMAN, RITA GRIT,
CAROL MORGAN, JOSIAH NOBLE,          **CIVIL ACTION NO: 22-CV-00030**
PAULA REESE, JESSICA TORREZ,                        **(TWT)**
and MISTY WILLIAMS, individually
and on Behalf of All Others Similarly
Situated,                                                          JURY TRIAL DEMANDED

          Plaintiffs,
vs.

PREMIERE GLOBAL SERVICES,
INC., PREMIERE CONFERENCING
NETWORKS, INC., ECOVATE, INC.,
AMERICAN TELECONFERENCING
SERVICES, LTD., MICHAEL J.
NELSON, and ALICIA HAYES,

          Defendants.
_____/

## CERTIFICATE OF SERVICE

I hereby certify that I have this 16th day of February 2022, electronically filed this **AMENDED CLASS ACTION COMPLAINT** with the Clerk of Court using the CM/ECF system, and will send a separate email of such filing to the following to Defendant:

14

Seth T. Ford
Email: seth.ford@troutmansanders.com

/s/Jeremy Stephens
JEREMY STEPHENS, ESQ.
GA Bar No.: 702063