IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOHN ADAM BAKER, et al.,

    Plaintiffs,

v.

AMERICAN TELECONFERENCING
SERVICES, LTD., d/b/a/ Premiere
Global Services, Inc., et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:22-CV-30-TWT

### OPINION AND ORDER

This is an ERISA action. It is before the Court on the Defendant Premiere Global Services, Inc. and American Teleconferencing Services, Ltd.'s ("Premiere Defendants") Motion to Dismiss Count I of the Plaintiffs' Complaint [Doc. 10] and the Plaintiffs' Motion Requesting the Court Find the Defendants' Motion to Dismiss Moot [Doc. 27]. For the reasons set forth below, the Premiere Defendants' Motion to Dismiss Count I of the Plaintiffs' Complaint [Doc. 10] is GRANTED in part and DENIED in part, and the Plaintiffs' Motion Requesting the Court Find the Defendants' Motion to Dismiss Moot [Doc. 27] is GRANTED in part and DENIED in part.

### I.    Background

This action arose from the Plaintiffs' involuntarily layoff from their employment with the Premiere Defendants in approximately August or September 2021. (Compl. ¶¶ 1, 14). As relevant to the present Motions, the

Plaintiffs allege that, because their positions were being eliminated, they were entitled to severance pay and, despite meeting the eligibility requirements for it, the Defendants failed to pay. (*Id.* ¶¶ 15-17). Count I of the Plaintiffs' complaint asserts a claim for unpaid severance benefits against the Premiere Defendants under ERISA. (*Id.* ¶¶ 42-57).

As relevant, in March 2022, the Premiere Defendants moved to dismiss Count I of the Plaintiffs' complaint, arguing only that the Plaintiffs' claim for unpaid severance benefits was premature because they had not yet exhausted their administrative remedies. (Premiere Defs.' Brief in Supp. of Mot. to Dismiss at 7-12). In May 2022, after the Motion to Dismiss was fully briefed, the Plaintiffs filed their Motion Requesting the Court Find the Defendants' Motion to Dismiss Moot. The Plaintiffs attached to their motion a letter from Defendant Alice Hayes, Chief Human Resources Officer of Premiere, which explains that the Premiere Defendants construed a settlement demand letter sent by Plaintiffs' counsel as initiating the administrative claims process for severance benefits. (*See* Pls. Mot. to Find Defs. Mot. to Dismiss Moot, Ex. 2 at 2-4). The letter, titled "Notice to Participants," concludes that each of the named Plaintiffs—with the exception of Plaintiff Paula Reese—are entitled to severance benefits. (*Id.*). Despite requesting and receiving an extension of time to respond to the Plaintiffs' Motion, to date, the Premiere Defendants have not responded.

## II. Legal Standards

In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *See Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983); *see also Sanjuan v. American Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). In general, a court must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the pleadings. *Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005). In the Eleventh Circuit, plaintiffs suing under ERISA are required to exhaust their available administrative remedies before pursuing legal remedies. *Lanfear v. Home Depot, Inc.*, 536 F.3d 1217, 1223 (11th Cir. 2008).

However, the Eleventh Circuit has given district courts leeway to consider evidence outside the pleadings in resolving a motion to dismiss based on failure to exhaust administrative remedies. *See Bryant v. Rich*, 530 F.3d 1368, 1376-77 (11th Cir. 2008); *Tillery v. U.S. Dep't of Homeland Sec.*, 402 F. App'x 421, 424-25 (11th Cir. 2010) (applying *Bryant* to an employment action under Title VII). Additionally, "failure to plead exhaustion is not necessarily fatal, as an ERISA plaintiff may amend a complaint to plead exhaustion." *Byrd v. MacPapers, Inc.*, 961 F.2d 157, 160-61 (11th Cir. 1992).

3

### III. Discussion

Having considered the Notice to Participants presented by the Plaintiffs and noting the Premiere Defendants' lack of response to the Plaintiff's Motion, the Court concludes that the Premiere Defendants' Motion to Dismiss is now moot as to each of the named Plaintiffs with the exception of Paula Reese. Because failure to exhaust was the only argument the Premiere Defendants raised in their motion, the Court is permitted to consider the Notice of Finding filed by the Plaintiffs without converting the Motion to Dismiss into one for summary judgment. *See Bryant*, 530 F.3d at 1376-77; *Tillery*, 402 F. App'x at 424-25. The Notice to Participants makes apparent that, based on the evidence presently before the Court, Paula Reese is the only named Plaintiff who has not yet fully exhausted her administrative remedies. On that basis, the Plaintiffs' Motion Requesting the Court Find the Defendants' Motion to Dismiss Moot [Doc. 27] should be granted as to the remaining Plaintiffs, denied as to Plaintiff Paula Reese, and denied to the extent that Plaintiffs requested a show cause hearing.

For the same reason, the Premiere Defendants' Motion to Dismiss [Doc. 10] should be denied as to each of the named Plaintiffs with the exception of Paula Reese. According to the Notice to Participants, Paula Reese's initial claim for severance benefits was denied by the Premiere Defendants and she was given an administrative appeals process to pursue. (Pls. Mot. to Find Defs. Mot. to Dismiss Moot, Ex. 2 at 2-4). Thus, the Court concludes that based on

4

the evidence presently before it, the Premiere Defendants' Motion to Dismiss [Doc. 10] should be granted as to Plaintiff Paula Reese because she has not fully exhausted her administrative remedies. *See Lanfear*, 536 F.3d at 1223. However, the Court will grant Reese leave to amend her complaint to plead exhaustion, should she choose to do. *See Byrd*, 961 F.2d at 160-61.

## IV. Conclusion

For the reasons set forth above, the Premiere Defendants' Motion to Dismiss Count I of the Plaintiffs' Complaint [Doc. 10] is DENIED as to Plaintiffs John Adam Baker, Elsa Embaye, Briand Feldman, Rita Grit, Carol Morgan, Josiah Noble, Jessica Torrez, and Misty Williams, and GRANTED as to Plaintiff Paula Reese. The Plaintiffs' Motion Requesting the Court Find the Defendants' Motion to Dismiss Moot [Doc. 27] is GRANTED in part and DENIED in part. Plaintiff Paula Reese shall have 14 days from the date of this Order to file an amended complaint.

SO ORDERED, this ___8th___ day of August, 2022.

_/s/ Thomas W. Thrash_
THOMAS W. THRASH, JR.
United States District Judge